Stephen J. Thiel and Clara S. Thiel v. Commissioner.
Thiel v. Commissioner
Docket No. 5675-64.
United States Tax Court
T.C. Memo 1966-34; 1966 Tax Ct. Memo LEXIS 243; 25 T.C.M. (CCH) 212; T.C.M. (RIA) 66034; February 23, 1966
Charles J. Chastang, 33 N. High St., Columbus, Ohio, for the petitioners. W. Dean Short, for the respondent. MULRONEY Memorandum Opinion MULRONEY, Judge: Respondent determined deficiencies in petitioners' income tax for the years 1960 and 1961 in the amounts of $209.25 and $200.17, respectively. Stephen J. Thiel, who will be called petitioner, is an osteopathic physician who lives in Cincinnati, Ohio. He and his wife Clara filed their joint income tax returns for the years here involved with the district director of internal revenue at Cincinnati, Ohio. Petitioner is in the same position as the taxpayer in Glenn L. Heigerick 45 T.C. 475, (Feb. 23, 1966), in that he was an osteopath who had agreed to pay $5,000 for staff privileges *244 at the Epp Memorial Hospital over a 4-year period. He paid the hospital $1,000 in 1960 and $1,000 in 1961 and took deductions on his income tax returns for said payments as charitable contributions. Respondent disallowed the deductions. In his petition filed with this Court petitioner alleged the deductions should be allowed as either charitable contributions or business expense payments for his staff privileges at the hospital. He now admits the payments were not charitable contributions but contends they were deductible business expenses under section 162(a), Internal Revenue Code of 1954. The payments secured staff privileges for an indefinite period and it was in effect petitioner's testimony that he anticipated his reappointment each year and he has been reappointed each year and is still a member of the staff. Since the payments were made under the same circumstances as the payment disallowed in Glenn L. Heigerick, supra, as a business expense, our opinion there will control here. Accordingly, consistent with our opinion in the above cited case, we hold the $1,000 payments in 1960 and 1961 for staff privilege fees were not allowable business *245 expense deductions under section 162(a), Internal Revenue Code of 1954. Here, as in Glenn L. Heigerick, supra, respondent allowed amortized deductions for said payments based on treating the payments as capital expenditures. Decision will be entered for the respondent.